

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-12-00002-CV**

**IN RE WAYNE ERNEST BARKER**

_____

**Original Proceeding**

---

## MEMORANDUM OPINION

---

Wayne Ernest Barker presented a petition for writ of mandamus requesting a mandamus to issue against the Honorable Ken Keeling, Judge of the 278th District Court of Walker County. The petition was filed on January 6, 2012. This is the fourth petition Barker has presented for filing since December of 2011.

In another proceeding recently pending before us, Barker has conceded that he had been determined to be a vexatious litigant. *In re Barker*, No. 10-11-00444-CV, 2011 Tex. App. LEXIS 10105 (Tex. App.—Waco Dec. 21, 2011, orig. proceeding) (mem. op.). However, he did not state in that proceeding whether the trial court rendered a section 11.101 prefiling order against him. *See* TEX. CIV. PRAC. & REM. CODE § 11.101 (West Supp. 2011). Further, we note that his name does not appear on the Office of Court

Administration's list of vexatious litigants with prefiling orders rendered against them.[1] Because there is no confirmation of a prefiling order rendered against Barker, our Clerk was not prohibited from filing this petition for writ of mandamus. *See id*. § 11.103(a).

There are numerous procedural problems with Barker's current petition. By letter dated January 17, 2012, the Clerk of this Court notified Barker that, among other things, he did not list or attempt to serve the real parties in interest to this proceeding, and he did not attach an appendix or file a record with his petition. In the same letter, the Clerk of this Court warned Barker that his petition would be dismissed unless, within 21 days from the date of the letter, Barker complied with all the listed requirements.

Barker favored us with an early response but did not comply with all the listed requirements. Specifically, Barker refused to list the real parties in interest and refused to serve them with a copy of his petition, contending that the District Clerk should have done that. Barker is incorrect. It is the filing party's burden, not the District Clerk's, to serve a copy of the document to be filed on *all* parties to the proceeding. TEX. R. APP. P. 9.5(a). Also, Barker failed to provide us with an appendix or record as we required.

Accordingly, this proceeding is dismissed. *See* TEX. R. APP. P. 42.3(b), (c).

Barker also presented for filing with this Court a declaration of indigence with his petition for writ of mandamus. Under the circumstance of this case, we again use

---

[1] *See* http://www.courts.state.tx.us/oca/vexatiouslitigants.asp

Rule 2 and grant Barker's request to proceed without the advance payment of cost.  Tᴇx.

R. Aᴘᴘ. P. 2.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed
Opinion delivered and filed February 15, 2012
[CV06]